UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4267 SB (PVC)                                              Date:  July 15, 2022

Title          Dennis Lamont Gibson v. Kathleen Allison, CDCR Secretary

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:  [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNTIMELY AND COMPLETELY UNEXHAUSTED**

On June 17, 2022, Petitioner, a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254.  ("Petition," Dkt. No. 1 at 6).[1]  The Petition raises a single ground for federal habeas relief: the trial court erroneously denied motion to dismiss count 4, which led to prejudicial evidence of Petitioner's prior conviction.[2]  (*Id.* at 3–4).  However, it appears that Petitioner's claim is subject to dismissal because it is untimely and completely unexhausted.

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

[2] Petitioner is currently incarcerated at the Male Community Reentry Program ("MCRP"), in Los Angeles, California.  The MCRP "is a voluntary program for eligible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4267 SB (PVC)                                                          Date:  July 15, 2022

Title   Dennis Lamont Gibson v. Kathleen Allison, CDCR Secretary

**Timeliness**

    The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences."  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

    Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions.  AEDPA's one-year limitations period begins to run from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

males who have two years or less of their prison sentence left to serve."  *See* https://www.cdcr.ca.gov/rehabilitation/pre-release-community-programs/mcrp/ (last visited July 12, 2022).  Kathleen Allison, California Department of Corrections and Rehabilitation, is substituted for the "Superior Court of California," the Respondent named in the Petition.  Fed. R. Civ. P. 25(d); *see Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894–96 (9th Cir. 1996), *as amended* (May 8, 1996) (holding that the CDCR director is a proper respondent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4267 SB (PVC)                                         Date:  July 15, 2022

Title        Dennis Lamont Gibson v. Kathleen Allison, CDCR Secretary

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).  Here, the applicable limitations period is that set forth in § 2244(d)(1)(A).

     A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review."  *Id*.  According to the Petition, Petitioner was convicted on October 11, 2019, for assault with a deadly weapon and possession of a firearm by a felon.  (Pet. at 2).  On February 28, 2020, Petitioner was sentenced to a term of seven years in state prison.  (*Id.*)  Petitioner did not appeal his conviction.  (*Id.* at 5).  Thus, the judgment became final on April 28, 2020, the date California's 60-day appeal period lapsed.  *See* Cal. R. Ct. 8.308(a); *accord Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012).  Accordingly, absent tolling, the 28 U.S.C. § 2244(d)(1) limitations period began to run the next day and expired one year later, on **April 29, 2021.**  The instant Petition was not filed until June 17, 2022.  Therefore, absent tolling, it is untimely by almost 14 months.

     AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  According to the Petition, Petitioner filed a habeas petition in Los Angeles County Superior Court, which was denied on March 17, 2022.  (Pet. at 6).  However, a state habeas petition filed after the expiration of the one-year AEDPA limitations period does not reset the limitations clock.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state [habeas] petition was filed."); *Roberts v. Marshall*, 627 F.3d 768, 771 n.4 (9th Cir. 2010) ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d 1148, 1151 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4267 SB (PVC)                                          Date:  July 15, 2022

Title        Dennis Lamont Gibson v. Kathleen Allison, CDCR Secretary

2013) (the filing of a state petition after the AEDPA limitations period expired "cannot revive [the] statute of limitations and has no tolling effect") (citing *Ferguson*, 321 F.3d at 823). Accordingly, it appears that the filing of the 2022 habeas petition in the Los Angeles County Superior Court would not entitle Petitioner to statutory tolling and would not render the instant federal Petition timely.

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled."). For example, to claim an entitlement to statutory tolling, Petitioner must identify any relevant state court filing not identified in this Order, such as any habeas petition filed in any state court prior to the limitations period expiring on April 29, 2021. Petitioner must also indicate, to the extent possible, the court in which the state petition was filed, the case number, the date it was filed, and the date on which it was denied. If possible, Petitioner should attach a copy of any such petition as an exhibit to his response to the Order to Show Cause.

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted). "The threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); *accord Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

The Petition does not expressly seek equitable tolling or disclose any basis for such. Petitioner is advised that he bears the burden of demonstrating an entitlement to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4267 SB (PVC)                                           Date:  July 15, 2022

Title      Dennis Lamont Gibson v. Kathleen Allison, CDCR Secretary

equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show both diligence and extraordinary circumstances to warrant equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling").  If, for example, Petitioner contends that he is entitled to equitable tolling, he must show that he diligently sought to pursue his claims after he was sentenced in February 2020 but was prevented from doing so by circumstances beyond his control.  *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted).  Petitioner must also identify the period or amount of time he contends that the statute of limitations should be equitably tolled.

## Exhaustion

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

Here, it appears that Petitioner has not yet exhausted his habeas claim in the state courts.  (*See* Pet. at 5–6) (acknowledging that Petitioner did not directly appeal his conviction or sentence and that he has filed a habeas petition only in the Superior Court).  There is no indication that Petitioner has presented his claim to either the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4267 SB (PVC)                                            Date:  July 15, 2022

Title      Dennis Lamont Gibson v. Kathleen Allison, CDCR Secretary

Court of Appeal or the California Supreme Court.  Therefore, even if the Petition is timely, it is completely unexhausted and subject to dismissal.

      A federal district court has the authority to stay and hold in abeyance a totally unexhausted habeas corpus petition.  *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines* [*v. Weber*, 544 U.S. 269 (2005)].").  However, under *Rhines*, a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277; *accord Jackson v. Roe*, 425 F.3d 654, 660–61 (9th Cir. 2005).  Further, even if Petitioner was able to establish good cause for his failure to exhaust his claim, granting a *Rhines* stay would be futile if Petitioner's claim is otherwise untimely, as discussed above.  *See Espana v. Hetton*, No. CV 18-06137, 2019 WL 13036409, at *4 (C.D. Cal. Sept. 9, 2019) ("Even if Petitioner was able to establish good cause for his failure to exhaust his claims, granting a *Rhines* stay would be futile as his claims are untimely under federal law."), *report and recommendation adopted*, No. 2:18 CV 06137, 2019 WL 5538420 (C.D. Cal. Oct. 24, 2019), *judgment entered*, No. 2:18 CV 06137, 2019 WL 5538421 (C.D. Cal. Oct. 24, 2019).

## Conclusion and Order

      For the reasons stated above, based upon the Petition as currently submitted, the statute of limitations triggered by 28 U.S.C. § 2244(d)(1)(A) appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **30 days** of the date of this Order, why this action should not be dismissed as untimely pursuant to the AEDPA one-year limitations period.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

      After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4267 SB (PVC)                                    Date: July 15, 2022

Title          Dennis Lamont Gibson v. Kathleen Allison, CDCR Secretary

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that the failure to file a timely response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and comply with Court orders.** *See* Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |