# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMONT GIBSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON, CDCR Secretary,[1]<br><br>　　　　　Respondent. | Case No. CV 22-4267 SB (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, and the Magistrate Judge's Report and Recommendation. The time for filing Objections to the Report and Recommendation has passed and no Objections have been received. Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

　　　　In adopting the findings and conclusions, the Court notes that the Magistrate Judge provided Petitioner with clear notice, by way of an order to show cause (OSC), that he was considering recommending that the action be dismissed as untimely and unexhausted. Dkt. No. 5. In the OSC, the Magistrate Judge noted that Petitioner's "habeas petition," which was denied on March 17, 2022, would not seem to toll the one-year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA) because it

---

[1] Kathleen Allison, Secretary of California Department of Corrections and Rehabilitation (CDCR), is substituted for the "Superior Court of California," the Respondent named in the Petition. Fed. R. Civ. P. 25(d).

appears to have been filed after the expiration of that period. *Id* at 3-4 ("[I]t appears that the filing of the 2022 habeas petition . . . would not entitle Petitioner to statutory tolling and would not render the federal Petition timely."). Petitioner responded to the OSC and expressly acknowledged his obligation to raise any facts that would show he was entitled to statutory tolling. Dkt. No. 6, at 2. Yet Petitioner did not suggest that he filed any habeas petition before the expiration of the limitations period. Thus, he has not satisfied his burden of demonstrating an entitlement to statutory tolling. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) ("Smith, therefore, failed to meet his burden of alleging facts which would indicate that he satisfies AEDPA's statute of limitations after considering statutory tolling."), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

IT IS ORDERED that the Petition is denied, and Judgment shall be entered dismissing this action without prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his current address of record and on counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 29, 2022

Stanley Blumenfeld, Jr.
United States District Judge

2